UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JARED PETER SMIDT and LAURA BETH
RIDEOUT-SMIDT, and the marital
community comprised thereof, individually
and on behalf of BROTHERS NORTHWEST
INVESTMENTS, INC. and BROTHERS
NORTHWEST HOMES, LLC,

                  Plaintiffs,

      v.

GEOFF MCPHERSON and ROSIE
MCPHERSON, and the marital community
comprised thereof; MCPHERSON
DEVELOPMENT GROUP, LLC;
VERONICA SHAKOTKO and WILLIAM
"BILL" SHAKOTKO, and the marital
community comprised thereof; MAHER
INGELS SHAKOTKO CHRISTENSEN,
LLP, a Washington Limited Liability
Partnership; BRUCE SCHMIDT and KRISTI
SCHMIDT, and the marital community
comprised thereof,

                  Defendants.

CASE NO.  C09-05318 RBL

ORDER RE: SETTLEMENT
AGREEMENT

This matter came before the undersigned on referral from the Honorable Ronald B.

Leighton for purposes of conducting a settlement conference.  The undersigned met with the

parties on November 5, 2010 and the parties reached a settlement, which was placed on the

record.  The parties agreed that in the event any dispute arose concerning the terms, condition, or language of the settlement agreement, the matter would be submitted to the undersigned to resolve and the decision was binding on all parties.

In conformity with the recorded settlement agreement, the parties prepared a written settlement agreement memorializing the terms of settlement.  A copy of that settlement agreement, with attachments, is attached hereto as Exhibit A.

In the opinion of the undersigned, that settlement agreement accurately reflects the settlement agreement that had been placed on the record.

On November 24, 2010, Plaintiffs brought a Motion for Specific Enforcement of Settlement Agreement, asking the undersigned to order defendants to execute the written Settlement Agreement and the attached exhibits (ECF Nos. 112, 113).  On December 8, 2010, Defendants Geoff McPherson and Bruce Schmidt executed the agreements and the attachments after altering the document and inserting the word "alleged" in the proposed judgment on page 2, line 18.  Plaintiffs objected, and asked the undersigned to resolve this dispute regarding the terms of the settlement agreement.

In the opinion of the undersigned, the defendants are required to sign the proposed judgment by stipulation, attached as Exhibit B to the settlement agreement, in its original form and defendants are hereby ORDERED to do so.

In any event, insertion of the word "alleged" in the judgment by stipulation does not appear to change the meaning or import of the judgment in any way.  By agreeing to the judgment for breach of fiduciary duty, the defendants have acknowledged the validity of the claim.  This was an essential term of the settlement and was specifically discussed during

1  negotiations and memorialized in open court when the settlement was recorded.  Therefore, the

2  addition of the word "alleged" at page 2, line 18 of the judgment by stipulation is a nullity.

3      Dated this 16th day of December, 2010.

4

5

6  J. Richard Creatura
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26